# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-261-RJC-DCK

| | |
|---|---|
| VANGUARD GROUP, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| MATTHEW PHILIP SNIPES, and TOPSAIL WEALTH MANAGEMENT, LLC, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Partial Motion To Dismiss" (Document No. 15) filed July 20, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

# DISCUSSION

In this case, Plaintiff timely-filed a "First Amended Complaint" (Document No. 23) on August 18, 2022. <u>See</u> (Document Nos. 19 and 20). As such, the Court finds that "Defendants' Partial Motion To Dismiss" (Document No. 15) should be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); <u>see also</u>, <u>Fawzy v. Wauquiez Boats SNC</u>, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); <u>Colin v. Marconi Commerce Systems Employees' Retirement Plan</u>, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); <u>Brown v. Sikora and Associates, Inc.</u>, 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and <u>Atlantic Skanska, Inc. v. City of Charlotte</u>, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the First Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion to dismiss the First Amended Complaint, as appropriate.

**IT IS, THEREFORE, ORDERED** that "Defendants' Partial Motion To Dismiss" (Document No. 15) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: August 22, 2022

David C. Keesler
United States Magistrate Judge